150 So.2d 214

**Acie HARRIS, as Adm'r,**

v.

**Dan C. HARRIS.**

**7 Div. 514.**

Supreme Court of Alabama.

Nov. 29, 1962.

Rehearing Denied Feb. 28, 1963.

Riddle & Smith and Philip H. Smith, Talladega, for appellant.

Otis R. Burton, Jr., Talladega, for appellee.

LIVINGSTON, Chief Justice.

The original bill of complaint was filed by appellant, Acie Harris, as administrator of the estate of Wiley J. Harris, deceased, on

January 13, 1960, in the Circuit Court of Talladega County. The bill sought cancellation of a deed given by appellant's intestate to appellee, Dan C. Harris, on the ground of undue influence. In addition, the bill sought an accounting from appellee for moneys of appellant's intestate which had come into the hands of appellee.

The evidence was taken ore tenus before the trial court who rendered a decree for respondent-appellee, Dan C. Harris.

Wiley J. (Doc) Harris and L. J. Harris were husband and wife and the father and mother of Acie Harris and Dan C. Harris. In 1942, they purchased the subject property from Ruth W. Burks for the sum of $1500. L. J. Harris died intestate in 1946. On February 20, 1952, "Doc" Harris executed and delivered to Dan C. Harris a deed conveying an undivided one-half interest in 155 acres of land located in Talladega County, which is the subject matter of this suit. At the time of the execution and delivery of the deed, "Doc" Harris was about 80 years old. The deed was recorded in the Probate Office of Talladega County on February 26, 1952. "Doc" Harris died on November 2, 1959, leaving surviving him six natural children and five adopted children.

Sometime during the year 1958, Dan C. Harris and the heirs at law of "Doc" Harris and L. J. Harris executed a lease to the subject property for $1000 per month. The first month's rent was paid to Dan C. Harris in April, 1958, and $1000 every month until November, 1959, at which time "Doc" Harris died. Acie Harris was made administrator of the estate of "Doc" Harris on the 9th day of November, 1959. Since that time, the rent has been paid to Acie Harris, as administrator of the estate of Wiley J. (Doc) Harris.

The evidence is in hopeless conflict and it would serve no useful purpose to summarize it here. The trial court found, in effect, the following:

The deed in question was prepared by Mr. E. L. Smith, an attorney at law, of Sylacauga, Alabama, at his office in Sylacauga, at the request of the grantor and in the absence of the grantee, and was executed by the grantor in the presence of E. L. Smith and in the absence of grantee; that the grantor subsequently delivered the deed to the grantee and the deed was filed for record in the office of the Judge of Probate of Talladega County, Alabama, on the 26th day of February, 1952

The grantor was approximately eighty years of age at the time he executed the deed to the respondent and lived approximately seven years between the time he executed the deed until the date of his death; that prior to the execution of the deed, he had a last will and testament, which he subsequently destroyed, and during the remainder of his life he did not make any other will nor did he at any time attempt to convey the subject property again.

That at the time he executed the deed until a short time before his death, approximately seven years later, the grantor attended to his normal everyday affairs and conducted his business in much the same manner as he had for a number of years prior to the execution of the deed, which affairs and business the court finds were conducted with normal mentality.

The court finds that at the time of executing the deed, the grantor had normal mentality, that the grantor and not the grantee was the dominant spirit to the transaction and that the transaction was free both from undue influence and fraud.

That the grantor had sufficient mental capacity to understand the meaning and effect of the deed, and did in fact understand the meaning and effect of the deed.

That in executing the deed, the grantor exercised his legal right to make a voluntary and untrammelled disposition of his property.

That the deed is a legal and binding conveyance of the interests of the real estate it purports to convey and is not subject to be set aside as null and void as prayed for in the original bill of complaint and the complainants are not entitled to the relief therein sought.

As mentioned above, the evidence is in hopeless conflict. Many witnesses for the appellant testified as to the mental incapacity of Wiley J. (Doc) Harris during his declining years. They testified also to the effect that he was easily influenced in the handling of his ordinary everyday affairs of life. On the other hand, there is ample evidence by the appellee's witnesses to the effect that Wiley J. (Doc) Harris was mentally competent, knew what he was about at all times, and that he was fully capable of handling his own affairs at the time the deed was executed and delivered.

We see no point in trying to set out the testimony of the various witnesses. We have carefully examined the entire record. It presents a typical example of where the learned trial judge saw and heard the witnesses, observed their demeanor on the witness stand, and is much better positioned than is this court to determine the issues of fact, and in such a case, this court will not disturb the finding of the lower court unless it is plainly and palpably wrong. No citation of authority is needed to support this rule.

We are not willing to say that the decree of the lower court is plainly and palpably wrong, and the case is therefore due to be affirmed.

Affirmed.

GOODWYN, MERRILL and COLEMAN, JJ., concur.